**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARLA J. HALE and<br>TIM HALE,<br><br>Plaintiffs,<br><br>v.<br><br>C.R. BARD, INC. and DAVOL INC.,<br><br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No.: 2:08-cv-01209 |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS**
**C.R. BARD, INC. AND DAVOL INC.**

Defendants C.R. Bard, Inc. and Davol Inc., ("Defendants") by and through counsel, answer the Plaintiff's Complaint (the "Complaint") as follows:

**PARTIES**

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2. C.R. Bard, Inc. ("Bard") admits that it is organized under the laws of the State of New Jersey with its principal place of business at 730 Central Avenue, Murray Hill, New Jersey, 07974. Bard admits that it markets its products to hospitals, individual health care professionals, extended care facilities, and alternate site facilities in vascular, urology, oncology and surgical specialty products. Bard denies the remaining allegations in this paragraph.

3. Davol Inc. ("Davol") admits that it is organized under the laws of the State of Delaware with its principal place of business at 100 Sockanosset Crossroad, Cranston, Rhode Island, 02920. Davol admits that it is a subsidiary of Bard. Davol denies the remaining allegations.

## JURISDICTION

4. Defendants admit that the requirements of 28 U.S.C. § 1332(a) have been met.

5. The allegations in Paragraph 5 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

## OPERATIVE FACTS

6. Defendants admit that at various times Davol has conducted limited manufacturing of the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. To the extent any other material allegations are alleged, Defendants deny the allegations.

7. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore deny the same.

8. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and therefore deny the same.

9. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

10. Defendants admit that hospitals and health care professionals were notified of the voluntary recalls of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007.

11. Defendants admit that the federal Food and Drug Administration issued an update dated March 31, 2006. Answering further, Defendants state that the update speaks for itself, and to the extent any material allegations are alleged Defendants deny such allegations.

12. Defendants admit that the federal Food and Drug Administration characterizes a "Class I" recall as "there is a reasonable chance that the product will cause serious health problems or death." Answering further, Defendants deny the remaining allegations.

**COUNT I**
**STRICT LIABILITY**

13. In response to Paragraph 13 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

14. The allegations in Paragraph 14 and its subparts (a) through (e) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

15. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore deny the same.

16. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore deny the same.

17. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore deny the same.

18. The allegations in Paragraph 18 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT II**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

19. In response to Paragraph 19 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

20. The allegations in Paragraph 20 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

21. The allegations in Paragraph 21 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

22. The allegations in Paragraph 22 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

23. The allegations in Paragraph 23 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

24. The allegations in Paragraph 24 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT III**
**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

25. In response to Paragraph 25 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

26. The allegations in Paragraph 26 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

27. The allegations in Paragraph 27 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

28. The allegations in Paragraph 28 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

29. The allegations in Paragraph 29 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

30. The allegations in Paragraph 30 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT IV
## NEGLIGENT FAILURE TO WARN

31. In response to Paragraph 31 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

32. The allegations in Paragraph 32 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

33. The allegations in Paragraph 33 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

34. The allegations in Paragraph 34 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

35. The allegations in Paragraph 35 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

36. The allegations in Paragraph 36 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT V
## NEGLIGENCE

37. In response to Paragraph 37 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

38. The allegations in Paragraph 38 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

39. The allegations in Paragraph 39 and its subparts (a) through (e) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

40. The allegations in Paragraph 40 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT VI**
**LOSS OF CONSORTIUM – TIM HALE v. DEFENDANTS**

41. In response to Paragraph 41 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

42. The allegations in Paragraph 42 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

**AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. Plaintiff's Complaint should be dismissed for lack of proper venue.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiffs' claims against Defendants in whole or in part.

4. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims against Defendants in whole or in part.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar Plaintiffs' claims against Defendants in whole or in part.

6. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

7. Plaintiffs', or their agents', including their physicians', misuse or abnormal use of the product or failure to follow instructions bar Plaintiffs' claims in whole or in part.

8. If Plaintiffs used a product sold by Defendants, then Plaintiffs' claims are barred, in whole or in part, because Plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' alleged injuries.

10. If Plaintiffs sustained any damages or injuries, which is denied, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiffs, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

11. If Plaintiffs used a product sold by Defendants, Plaintiffs used the product for off-label purposes, which bars the Plaintiffs' claims.

12. The learned intermediary doctrine bars Plaintiffs' claims.

13. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings,

information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of Plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiffs' pre-existing medical conditions.

17. If Plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of other persons or entities, such diseases and/or such causes constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

18. Defendants state that if Plaintiffs sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiffs or others, for whose conduct these Defendants are not responsible;

accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

19. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiffs' own idiosyncratic reactions.

20. Plaintiffs failed to mitigate damages, which limits Plaintiffs' recovery, if any, in whole or in part.

21. Defendants have no legal relationship or privity with Plaintiffs and owe no duty to Plaintiffs by which liability could be attributed to it.

22. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

23. Plaintiffs' claims are barred in whole or in part by Plaintiffs' own comparative negligence.

24. Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiffs received from collateral sources.

25. If Plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

26. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiffs may have suffered, if any.

27. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiffs' alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the Pennsylvania Constitution.

28. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Pennsylvania Constitution.

29. To the extent Plaintiffs' Complaint seeks punitive damages, such claims are barred because Plaintiffs have failed to allege conduct warranting the imposition of punitive damages under Pennsylvania and/or other applicable laws.

30. To the extent Plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

31. Plaintiffs' claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Pennsylvania.

32. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against Plaintiffs, dismissing Plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Respectfully submitted,

Dated: April 10, 2008

MCCARTER & ENGLISH, LLP

BY: /s/___________________________

Barbara Gotthelf
McCarter & English, LLP
Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
Tel.: (215) 979-3836
Fax: (215) 988-4308

**ATTORNEYS FOR DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2008, a copy of the foregoing Answer and Affirmative Defenses has been made upon the following in the manner listed below:

Daniel N. Gallucci, Esq.
Joanne E. Matusko, Esq.
RODANAST, P.C.
801 Estelle Drive
Lancaster, PA 17601

*via electronic service*

BY: /s/______________________________
Barbara K. Gotthelf